Filed 1/27/23 Sandhu v. Sandhu CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GURAVTAR SINGH SANDHU,<br><br>    Plaintiff, Cross-defendant and<br>Respondent,<br><br>        v.<br><br>TEJINDER PAL SINGH SANDHU,<br><br>    Defendant, Cross-complainant and<br>Appellant. | F080100<br><br>(Super. Ct. No. 19CECG01948)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Alan M. Simpson, Judge.

Gilmore Magness Janisse and David M. Gilmore for Defendant, Cross-complainant and Appellant.

Whelan Law Group and Brian D. Whelan for Plaintiff, Cross-defendant and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Tejinder Pal Singh Sandhu appeals an order appointing a receiver under Code of Civil Procedure section 564, subdivision (b),[1] because it was issued without requiring the applicant, respondent Guravtar Singh Sandhu, to post a bond under section 566, subdivision (b) (section 566(b) or § 566(b)).  Section 566(b) provides that "[i]f a receiver is appointed upon an ex parte application, the court, before making the order, must require from the applicant an undertaking in an amount to be fixed by the court, to the effect that the applicant will pay to the defendant all damages the defendant may sustain by reason of the appointment of the receiver … in case the applicant shall have procured the appointment wrongfully, maliciously, or without sufficient cause."  Without first requiring respondent to post this bond, appellant maintains the order appointing the receiver is void and requests this court vacate it.

We disagree with appellant's characterization of the record and find that it clearly indicates the trial court's order appointing a receiver was not issued at an ex parte hearing, but was instead issued after noticed hearings and upon full briefing.  The procedural protection afforded by an applicant's bond posted under section 566(b) is meant to ameliorate the risk of injury the unnoticed appointment of a receiver might cause to an adverse party if improvidently granted without giving that party a suitable opportunity to object.  The need for that protection is unnecessary in the context of notice and an opportunity to be heard in opposition to a request to appoint a receiver, as was the case here.  The order appointing a receiver was not void for failing to require respondent (as the applicant for the receiver) to post a bond under section 566(b), and the court's August 2019 order appointing a receiver without a bond under section 566(b) is affirmed.

---

**1**     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

# FACTUAL SUMMARY

This case involves a farming partnership between appellant and respondent. Appellant lives in Fresno, while respondent lives in Canada. They agreed to purchase two properties to be developed as farms, which appellant would manage and respondent would pay a monthly management fee to appellant. A dispute broke out over management of the farms and how proceeds from the farms were being handled by appellant.

Respondent filed a complaint against appellant in June 2019 alleging that appellant formed a limited liability company, Sandhu Farms, LLC, with both appellant and respondent as members, and deposited proceeds into a bank account in the company's name to which respondent has no access. Respondent claims appellant has misappropriated funds from that bank account for his personal use and has failed to provide sufficient accounting regarding the proceeds from the farms. According to respondent, he and appellant were unable to constructively discuss the issues regarding the farms and appellant made violent threats against respondent.

At some point in June 2019, respondent visited the properties he and appellant co-own and which are the subject of this lawsuit. Respondent alleged he found the properties in a state of chaos and disrepair, but he determined the crops on the properties could be salvaged if work was done immediately to fix the problem. Respondent asserted by declaration that appellant had failed to pay the labor contractor who was doing work on the property, and the labor contractor claimed to be owed tens of thousands of dollars.

With harvest approaching and unable to communicate effectively and productively with appellant, respondent filed an ex parte request for the appointment of a receiver to salvage the farms' crops. In the alternative, respondent requested the court issue an order to show cause (OSC) why a receiver should not be appointed based on respondent's motion to appoint a receiver. Respondent's motion was accompanied by his own

declaration regarding the need for a receiver, a declaration of his counsel, and a memorandum of points and authorities in support of appointing a receiver.

On June 20, 2019, at an ex parte hearing, Judge Donald Black denied respondent's request to appoint a receiver and instead granted respondent's alternative request. The court issued an OSC why a receiver should not be appointed, set a briefing schedule for the parties, and scheduled, on shortened time, a hearing for July 9, 2019.

On July 1, 2019, appellant filed an opposition to the motion to appoint a receiver with supporting declarations of appellant and his counsel. Appellant also filed an answer to the complaint and a cross-complaint against respondent. Respondent filed a reply brief with a supporting declaration. The matter came on for hearing on July 9, 2019, before Judge Jeffrey Hamilton, but was continued to July 16, 2019.

On July 16, 2019, the matter came on for hearing again, this time before Judge Alan Simpson; both parties and their counsel appeared. The court issued a minute order continuing the matter to July 23, 2019, noting that counsel indicated the parties were working on settling the case.

On July 23, 2019, another hearing was held before Judge Simpson; both parties appeared with their counsel. The court granted respondent's motion for the appointment of a receiver, but it allowed appellant to file any objections to the proposed order. On July 29, 2019, appellant filed objections and a request for reconsideration indicating an accounting had been completed and appellant was owed $156,273 by the partnership. Appellant's objections noted both farms would be ready for harvest shortly, and the expenses of a receiver were not warranted. In the event the court ordered the receivership, appellant asked for some language changes to the proposed order.

Respondent's proposed order to appoint a receiver was signed and issued by the court on August 15, 2019; the order appointed Ahmed Mike Alamari of Pacific Farm Management, Inc. to act as receiver over the partnership property and the accounts owned and operated by Sandhu Farms, LLC. Significantly, the order recited that respondent's

4.

"ex parte application for the appointment of a receiver or, in the alternative, for an order to show cause why a receiver should not be appointed, *came on for ex parte hearing* before the Honorable Alan M. Simpson … on July 23, 2019, at 3:30 p.m." (Italics added.)

On September 9, 2019, an oath of receiver was filed by Mr. Alamari, and on September 10, 2019, the receiver filed a first receiver's report. On September 16, 2019, appellant filed objections to the first receiver's report, including an assertion that respondent had been required to post a bond under section 566(b) upon the receiver's appointment, but that had not occurred, and it rendered the order appointing the receiver void. The parties appeared at a status conference on September 17, 2019, and the court set a hearing for September 25, 2019, regarding the receiver's report and the objections thereto.

On September 19, 2019, appellant filed an ex parte motion, seeking a hearing the same day, to terminate the receivership based on respondent's failure to post a bond under section 566(b). Respondent immediately filed objections to the motion for an ex parte hearing to terminate the receivership, arguing the ex parte hearing was unwarranted and untimely, particularly since the parties were already set to appear on September 25, 2019. The court denied the ex parte application to vacate the receivership by minute order on September 19, 2019.

Respondent filed a substantive reply to appellant's objections to the receiver's report and the request to terminate the receivership. When the matters were heard on September 25, 2019, Judge Simpson overruled appellant's objections to the receiver's report and denied appellant's motion to terminate the receivership.

On October 3, 2019, appellant filed a notice of appeal challenging the court's August 15, 2019, order appointing a receiver for lack of a bond under section 566(b). Thereafter, on October 16, 2019, respondent filed an ex parte application with the trial court under section 473 to correct a clerical error in the August 15, 2019, order indicating

the matter "'came on for an ex parte hearing'" before Judge Simpson. Respondent's counsel explained it was his proposed order the court issued on August 15, 2019, and he had inadvertently included language indicating an ex parte hearing was held. But, in fact, the court had denied respondent's request to appoint a receiver ex parte on June 20, 2019, and had instead granted respondent's request to issue an OSC why a receiver should not be granted upon respondent's motion. The receiver was not appointed until August 15, 2019, after briefing and upon notice to appellant via the OSC.

On October 16, 2019, the court granted respondent's motion to correct the August 15, 2019, order and the amended order was signed in open court. The August 15, 2019, order was corrected to state respondent's application to appoint a receiver "'was heard on a shortened time basis following hearings on June 20, 2019, July 9, 2019, and on July 16, 2019'" rather than stating the matter "'came on for an ex parte hearing.'"

## DISCUSSION

### I. Procedural Requirements for Appointment of a Receiver

Respondent sought the appointment of a receiver under section 564, subdivision (b). That section permits the appointment of a receiver in an action between partners jointly owing or interested in a property where it is shown that the property or fund is in danger of being lost, removed or materially injured. (§ 564, subd. (b)(1).) Procedurally, there are two paths for obtaining a receiver under these circumstances: on an emergency ex parte basis or by a hearing after notice to the adverse party. (See Cal. Rules of Court, rule 3.1103[2] [motion to appoint receiver is a law and motion proceeding]; rule 3.1175(a) [permitting ex parte application to appoint receiver]; see also § 1005, subd. (b) [minimum notice for motion is 16 days before the hearing, unless a shorter period is prescribed by the court].) In cases where the adverse party has not yet made an appearance in the case, as here, the applicant may seek an OSC why a receiver should not

---

[2] Further references to rules are to the California Rules of Court unless otherwise indicated.

be appointed following a hearing. The OSC substitutes as notice of motion "and operates both as notice and as a citation to appear." (43 Cal. Forms of Pleading and Practice (Matthew Bender 2023) Receivers, § 486.15[1].)

Under rule 3.1175(a)(1), a plaintiff seeking a receiver on an ex parte basis, must show by declaration "[t]he nature of the emergency and the reasons irreparable injury would be suffered by the applicant during the time necessary for a hearing on notice."[3] In addition to the requirements of rule 3.1175, when an applicant proceeds on an ex parte basis, section 566(b) requires an undertaking in an amount fixed by the court before imposing the receivership order. At the ex parte hearing, the applicant must propose specific amounts, and the reasons for the amounts proposed, of the undertakings required from the applicant by section 566(b) and from the receiver by section 567, subdivision (b). (Rule 3.1178.) An ex parte appointment of a receiver without the required applicant's bond is void. (*Sweins v. Superior Court* (1936) 16 Cal.App.2d 336.)

If a receiver is appointed "without notice"—i.e., on an ex parte basis, the matter "must be made returnable upon an order to show cause why the appointment should not be confirmed…." (Rule 3.1176(a).) The OSC must be set within 15 days, "or, if good cause appears to the court," within 22 days of appointment of the receiver. (*Ibid.*) On either an OSC to confirm the appointment of a receiver, or upon a motion and a noticed hearing, the applicant's moving papers must allege sufficient facts establishing one of the statutory grounds for appointment, as well as irreparable injury and the inadequacy of

---

**3**      In addition, the applicant must show, by declarations or a verified pleading, (1) the names and contact information for "the persons in actual possession of the property"; (2) "[t]he use being made of the property by the persons in possession"; and (3) "[i]f the property is a part of the plant, equipment, or stock in trade of any business, the nature and approximate size or extent of the business and facts sufficient to show whether the taking of the property by a receiver would stop or seriously interfere with the operation of the business." (Rule 3.1175(a)(2)–(4).) If any of this information is "unknown to the applicant and cannot be ascertained by the exercise of due diligence, the applicant's declaration or verified complaint must fully state the matters unknown and the efforts made to acquire the information." (Rule 3.1175(a)(1)–(4).)

other remedies.  (See *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.* (1953) 116 Cal.App.2d 869, 873–874.)  The court has discretion to require the applicant to post a bond if the receivership is confirmed, but unlike at the ex parte stage, the bond is not statutorily required.  Under section 567, subdivision (b), the receiver must maintain a bond under either procedure.

## II.     The Receiver Was Not Appointed Ex Parte

Appellant claims the trial court erred in appointing a receiver on August 15, 2019, without requiring respondent to post a bond as necessary under section 566(b).  Appellant construes the August 15, 2019, order appointing a receiver to be an order *confirming* the appointment of a receiver on an ex parte basis and contends respondent's failure to post a bond renders the August 15, 2019, order void.[4]

We disagree with appellant's characterization of the record.  The receiver was appointed after notice and an opportunity to be heard, *not* at the ex parte hearing held on June 20, 2019.  Certainly, respondent sought the appointment of a receiver on an ex parte basis at that hearing, but this request was denied.  Respondent's alternative request for the issuance of an OSC, which was granted, operated as notice and a citation for appellant to appear for a hearing on July 9, 2019.  Given appellant's lack of appearance in the case, this was the correct type of notice procedure to set a hearing on respondent's motion.  (43 Cal. Forms of Pleading and Practice (Matthew Bender 2023) Receivers, § 486.15[1].)

Moreover, neither the fact that the OSC was sought on an ex parte basis (appropriate when appellant had not yet made an appearance) nor that the OSC set respondent's motion to be heard on shortened time transformed the subsequent hearings into ex parte proceedings.  (§ 1005, subd. (b) [court or judge may prescribe a shorter time to serve and file papers prior to a hearing].)  While appellant characterizes the OSC as

---

[4]     Appellant challenges only the procedural aspect of appointing a receiver without requiring an applicant's bond under section 566(b), not the substantive merits underlying the appointment.

8.

one to confirm the appointment of the receiver, that was not how the OSC was requested, captioned, or ordered by the court. The Rules of Court require that "[w]henever a receiver is appointed *without notice*, the matter must be made returnable upon an order to show cause why the appointment should not be confirmed." (Rule 3.1176(a), italics added.) Here, no receiver was appointed on June 20, 2019, and the OSC issued that same day did not, and could not, seek to confirm a receiver who had never been appointed. The subsequent hearings were not held to *confirm* the appointment of a receiver, they were held to determine whether any receiver would be appointed at all.

In general, the purpose of section 566(b) in requiring an applicant's bond is to provide protection covering harm caused by an error of the applicant in obtaining the appointment of the receiver ex parte, i.e., *on an emergency basis where the initial opportunity to prove error by the opposing party is unavailable*. (*Smith v. Hill* (1965) 237 Cal.App.2d 374, 385–386.) The protective policy for requiring a bond is not implicated where the adverse party has sufficient notice and a full and fair opportunity to be heard in opposition to the request. In response to the notice afforded by the OSC, appellant was able to file two declarations and a memorandum of points and authorities in opposition to respondent's receivership motion and an initial hearing was held about two weeks after notice was given. There was no indication appellant did not have a full and fair opportunity to be heard in opposition to respondent's motion, despite that the court agreed to hear the motion on shortened time under section 1005, subdivision (b), and appellant never made such an assertion. Indeed, the hearing on respondent's motion to appoint a receiver was ultimately continued to July 23, 2019, providing the parties and their counsel even more time to work out a settlement or otherwise present their positions to the court. Moreover, appellant was permitted to file objections to the proposed order appointing a receiver before the August 15, 2019, order was issued—objections that made no reference to an inability to gather or present evidence or arguments to the court to oppose the motion. In sum, a receiver was not appointed until after notice and a full

9.

hearing on the matter had taken place, nearly two months after the OSC was issued, and both parties had an opportunity to file briefs and present oral argument across several hearings.

While the August 15, 2019, order inadvertently indicated the application to appoint a receiver was heard at an ex parte hearing on July 23, 2019, the record belies that characterization, and it was subsequently corrected by the trial court under section 473. The August 2019 order appointing a receiver was not void for lack of a bond posted by respondent: the order was issued after notice to appellant and an opportunity to be heard, and, as such, the applicant was not required to post a bond under section 566(b).

## DISPOSITION

The trial court's August 15, 2019, order appointing a receiver is affirmed. Respondent is entitled to his costs on appeal. (Rule 8.278(a)(1)–(2).)


MEEHAN, Acting P. J.

WE CONCUR:



SNAUFFER, J.



DeSANTOS, J.

10.